## LEVITAN v. SHORT.

(Supreme Court, Appellate Term.   January 21, 1910.)

JUDGMENT (§ 143*)—DEFAULT—OPENING—GROUNDS—INADVERTENCE.

    Defendant's motion to open his default was made upon an affidavit which stated that he had inadvertently made an incorrect memorandum of the return day, alleged a general release and accepted order for a bond delivered to plaintiff in full settlement of the controversy, contained an affidavit of merits, averred defendant's financial ability to meet any judgment against him, and was accompanied by defendant's proposed answer, setting up a good defense; and no opposing affidavits were submitted. *Held*, that the motion should have been granted.

    [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 143.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Benjamin Levitan against R. Thomas Short. From an order denying a motion to open a default judgment for plaintiff, defendant appeals. Reversed, judgment vacated, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

John F. Harrington, for appellant.

R. Dulany Whiting, for respondent.

PER CURIAM. Appeal from an order denying defendant's motion to open his default, and bringing up for review the judgment taken by default.

The motion was promptly made upon an affidavit setting forth that defendant inadvertently made a memorandum of the return day different from that stated in the summons, and further alleging a general release and an accepted order for a bond delivered to plaintiff in full settlement of the dispute between them, and further containing an affidavit of merits, and further stating his financial ability to respond to any judgment awarded herein against him. Accompanying this affidavit was defendant's proposed answer, setting up a good defense. No opposing affidavits were submitted, and the moving affidavits set forth all the essential facts entitling the defendant to the relief asked for, and the application should have been granted.

Order reversed, judgment vacated, and new trial ordered, with costs to the appellant to abide the event.